IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| AMERICAN INCOME LIFE<br>INSURANCE COMPANY<br><br>                  Plaintiff,<br><br>v.<br><br>ALBERTA H. FISHER,<br><br>JIMMY R. CHANCE,<br><br>GRAYCE S. DAVIS<br><br>and<br><br>DRENETTE JARVIS-CHANCE,<br>ADMINISTRATOR OF THE ESTATE<br>OF COURTNEY SPENCE, DECEASED,<br><br>                  Defendants. | Civil Action No.:_____ |

**COMPLAINT FOR INTERPLEADER**

      COMES NOW the plaintiff American Income Life Insurance Company ("American"), by counsel, and states the following for its Complaint for Interpleader ("Complaint"):

**NATURE OF THE CASE**

      1.      That American brings this interpleader action pursuant to 28 U.S. C. § 1335(a) to resolve the entitlement to life insurance proceeds under a whole life insurance policy that it issued on the life of the insured Courtney Spence ("Spence"). The issue to be resolved by this Court in this interpleader action is to which defendant these life insurance benefits should ultimately be paid. Two or more adverse claimants/defendants, who have diverse citizenship as defined in 28 U. S. C. § 1332, are claiming to be entitled to life insurance proceeds exceeding $500.00 which is in the custody of the plaintiff American. In accordance with 28 U. S. C. §

1332(a)(2), the plaintiff American will, on and pursuant to the Court's direction, pay the disputed funds into Court.

## PARTIES

2. That American is a corporation duly organized and existing under the laws of the State of Indiana, with its principal place of business in the State of Texas, and is licensed to do business in the Commonwealth of Virginia.

3. That defendant Alberta H. Fisher ("Fisher"), upon information and belief, resides at 5101 Cheshire Lane, Lanham, Maryland 20706.

4. That defendant Jimmy R. Chance ("Chance"), upon information and belief, is the nephew of Courtney Spence and resides at 954 Copper Stone Circle, Chesapeake, Virginia 23320.

5. That Grayce S. Davis ("Davis"), upon information and belief, is the sister of Courtney Spence and resides at 13302 Keystone Drive, Woodbridge, Virginia 22193-5213.

6. That defendant Drenette Jarvis-Chance ("Jarvis-Chance"), Administrator of the Estate of Courtney Spence, deceased ("Spence Estate"), upon information and belief, is the sister of Courtney Spence and resides at 954 Copper Stone Circle, Chesapeake, Virginia 23320.

## JURISDICTION AND VENUE

7. That this Court has jurisdiction over this interpleader action pursuant to 28 U. S. C. § 1335.

8. That venue in this Court is proper pursuant to 28 U. S. C. § 1397, since one or more of the defendants/claimants reside in the Norfolk Division of the United States District Court for the Eastern District of Virginia.

## FACTS

9. That on or about July 26, 1993, proposed insured Spence completed and signed an Application to American ("Application") applying for a life insurance policy with a face amount of $7,358.00.

10. That based on the information that Spence disclosed in his Application, American issued a whole life insurance policy bearing policy number 4148999 with a face amount of $7,358.00 and a policy date of July 26, 1993 ("Policy"). (A redacted copy of the Policy with its Application is attached hereto and marked as **EXHIBIT 1**.)

11. That the Policy states that the beneficiary is named in the Application. The Application listed the beneficiary of the Policy as being Linda H. Hadaway, whose relationship to the insured Spence was listed a "friend."

12. On March 8, 2004, Spence called and requested a beneficiary change. On that same day, American mailed him a Request for Change of Beneficiary form.

13. On March 29, 2004, American received a signed Request for Change of Beneficiary form dated March 26, 2004, requesting that the primary beneficiary on the Policy be changed to Chance and that the contingent beneficiary be changed to Davis. (A redacted copy of the Request for Change of Beneficiary form is attached hereto and marked as **EXHIBIT 2**.)

14. That American's records were changed pursuant to Spence's Request for Change of Beneficiary dated March 26, 2004 (**EXHIBIT 2**), to reflect the fact that the beneficiaries on the Policy were changed to show Chance as the primary beneficiary and Davis as the contingent beneficiary.

15. American sent a letter to Spence confirming these beneficiary changes to the Policy.

16. That on or about April 3, 2012, a Policy Service Request form purportedly signed by Spence was submitted to American requesting that the primary beneficiary on his Policy be changed to Fisher whose relationship to the insured Spence was listed as "friend." (A copy of the Policy Service Request form is attached hereto and marked as **EXHIBIT 3**.)

17. That by letter to the insured Spence dated May 9, 2012, a copy of which is attached hereto and marked as **EXHIBIT 4**, American notified Spence that the beneficiary of his Policy had been changed to Fisher pursuant to his instructions.

18. That on December 17, 2015, the insured Spence died.

19. That on or about January 19, 2016, Fisher notified American of the death of the insured Spence. By letter to Fisher dated January 18, 2016, a copy of which is attached hereto and marked as **EXHIBIT 5**, American expressed its condolences and notified Fisher as to what items must be submitted on her claim on the Policy.

20. That on or about January 21, 2016, American received an email from Jarvis-Chance, announcing that she had been appointed the Administrator of the Spence Estate; that she believed that he was the victim of elderly fraud abuse; that an attorney was looking into this matter for Spence's family; and requested that no claims be paid until this matter had been resolved in court. (Copies of Jarvis-Chance's email and the Qualification Certificate for Small Asset Estate dated January 20, 2016, whereby she was qualified as the Administrator of Spence's Estate are attached hereto and collectively marked as **EXHIBIT 6**.)

21. That American received a letter from that attorney for the Spence Estate dated February 15, 2016, a copy of which is attached hereto and marked as **EXHIBIT 7**, in which questions were raised about the change of beneficiary to Fisher and the attorney stated that

affidavits from persons familiar with the insured Spence and his relationship with Fisher would be forwarded.

22. That American received from the attorney for the Spence Estate the affidavits of Jarvis-Chance and Davis, copies of which are attached hereto and collectively marked as **EXHIBIT 8**.

23. That American received a letter from Fisher dated June 27, 2016, discussing her claim, a copy of which is attached hereto and marked as **EXHIBIT 9**.

24. That by letters to Fisher and the attorney for the Spence estate dated July 19, 2016, copies of which are attached hereto and collectively marked as **EXHIBIT 10**, American noted the competing claims for the life insurance benefits of the insured Spence's Policy, encouraged the parties to reach an agreement, and stated that, absent an agreement, American would be filing an interpleader action requesting that the Court determine the proper recipient of the Policy proceeds.

### FIRST CAUSE OF ACTION - INTERPLEADER

25. That American repeats and restates the allegations contained in Paragraphs 1 through 22, inclusive of this Complaint as if fully rewritten herein.

26. That for the reasons outlined above, there is a dispute as to the proper beneficiary of the Policy and American is in great doubt and cannot safely determine who is rightfully entitled to the Policy proceeds without exposing itself to the threat of multiple liabilities.

27. That since American has received multiple written notifications claiming the Policy proceeds, it runs the risk of not being fully discharged if it pays the Policy proceeds to one or the other of the defendants. *See* Virginia Code § 8.2-326.

28. That American has given the parties ample opportunity to try to amicably resolve this dispute among themselves in order to avoid the need for the filing of this interpleader action.

29. That American is ready, willing and able to promptly pay the proceeds of the Policy into the registry of this Court.

30. That American seeks to deposit the aforementioned Policy proceeds into the registry of this Court to permit resolution by the Court of the competing claims to those proceeds and to shield itself from the risk of potential liability to any of the defendants in this interpleader action. American is filing the instant Complaint and seeking an Order requiring the Clerk to deposit into the registry of this Court payment of the proceeds of the Policy (plus any accrued interest) representing the total benefits paid under the Policy.

31. That American, as a mere stakeholder, has no interest (except to recover out of the proceeds of the Policy its attorneys' fees and costs of this interpleader action) in the total benefits payable and respectfully requests that this Court determine to whom said Policy proceeds should be paid.

32. That American has not brought this Complaint at the request of any of the defendant claimants; there is no fraud or collusion between American and any of the defendant claimants; and American brings this interpleader action of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

WHEREFORE, the plaintiff American Income Life Insurance Company, by counsel, respectfully prays that this Honorable Court enter an Order or series of Orders granting the following relief:

A. Granting American leave to deposit its admitted liability for the proceeds under the Policy with the Clerk of this Court in an interest bearing account, or, at the Court's direction, said sum to abide there pending further Order of this Court;

B. Requiring the defendants Fisher, Chance, Davis, and Jarvis-Chance, Administrator of the Spence Estate, to each interplead their respective claims to the Policy proceeds;

C. Enjoining and restraining, preliminarily and permanently, the defendants Fisher, Chance, Davis, and Jarvis-Chance, Administrator of the Spence Estate, during the pendency of this action and thereafter, permanently and perpetually from prosecuting any proceeding or claim against American in any state or federal court or any other forum with respect to the proceeds payable under the Policy and on account of the death of the insured Spence and that said injunction issue without bond or security;

D. Releasing and forever discharging from all liability under the Policy by virtue of the depositing into the registry of this Court the Policy proceeds, plus any accrued interest, pending further Order of this Court as to which of the defendants is entitled to receive these proceeds;

E. Excusing American from further attendance in this cause and ordering each of the defendants, Fisher, Chance, Davis, and Jarvis-Chance, Administrator of the Spence Estate, to litigate their respectively claims to the proceeds of the Policy without further involving American, its agents, employees and/or attorneys;

F. Awarding out of the Policy proceeds its attorneys' fees and costs incurred in connection with the prosecution of this Complaint for Interpleader;

G.   Dismissing American with prejudice in its entirety without further costs, attendance or participation in this proceeding;

H.   Determining the person to whom these Policy proceeds are payable; and

I.   Granting American such further and other relief as this Court may deem appropriate.

                              AMERICAN INCOME LIFE
                              INSURANCE COMPANY

                              By Counsel

/s/
Robert B. Delano, Jr. (VSB No. 20619)
*Counsel of Record for Plaintiff*
*American Income Life Insurance Company*
SANDS ANDERSON PC
Bank of America Center, Ste. 2400
1111 East Main Street (23219)
P. O. Box 1998
Richmond, VA 23218-1998
Telephone: 804-648-1636
Telefax: 804-783-7291
cdelano@sandsanderson.com